# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

ANTHONY FIORELLI,           )
        Plaintiff,           )
     v.           )     C.A. No. N14C-03-110 ALR
               )
YUNMEI BAI,           )
        Defendant.           )

*Upon Plaintiff's Motion to Deem Service Complete*
**DENIED**

*Submitted: December 23, 2014*
*Decided: January 12, 2015*

This lawsuit arises from a February 2013 car accident allegedly involving Plaintiff, Anthony Fiorelli, and Defendant, Yunmei Bai. Plaintiff filed a complaint on March 13, 2014. Plaintiff has filed a motion to deem service complete upon Defendant.

First Plaintiff attempted to serve Defendant at her last known address of 1205 Wharton Drive, Newark, Delaware 19711. However, the Sheriff returned the writ without service and filed the "non est inventus" with the Court stating that Defendant moved to 25 South Exeter Street, Baltimore, Maryland, 21202.

Second on June 16, 2014, Plaintiff attempted to serve Defendant in Baltimore pursuant to Delaware's long arm statute, codified at 10 *Del. C.* § 3104. Plaintiff sent a copy of the complaint to Defendant's Baltimore address via regular and certified mail on September 12 and September 23, 2014. The certified mailings returned to Plaintiff as "unclaimed."

Third Plaintiff filed a motion for enlargement of time to serve Defendant and a motion to appoint a special process server. The Court granted both motions. Plaintiff's special process server was unable to serve Defendant at the Baltimore address.

Finally, Plaintiff's special process server conducted a skip trace on Defendant. The results indicated that Defendant relocated to China. Based on the aforementioned facts, Plaintiff filed the pending motion to deem service complete. Plaintiff asserts that it "has done everything reasonably possible under the Rules to locate and serve [Defendant]."[1]

Upon consideration of Plaintiff's motion, the Court finds as follows:

1. Defendant initiated this lawsuit and attempted to perfect service under the requirements of Delaware's long-arm statute.

2. Under the long-arm statute, the Court may exercise personal jurisdiction over any out-of-state resident, who in person, "causes a tortuous injury in the State . . . by an act or omission in this State."[2]

3. In 2008, the General Assembly amended Delaware's long-arm statute to "create a less 'cumbersome' method to serve out-of-state residents."[3]

---

[1] Pl's. Mot. 4, ¶ 12.
[2] 10 *Del. C.* § 3104(c)(3).
[3] *Maldonado v. Matthews*, 2010 WL 663723, at * 3 (Del. Super. Feb. 23, 2010).

4. The method of service must be "reasonably calculated to give the defendant actual notice,"[4] *and* shall be made by one of the following enumerated methods:

> (1) By personal delivery in the manner prescribed for service within this State.
>
> (2) In the manner provided or prescribed by the law of the place which the service is made for service in that place in an action in any of its courts of general jurisdiction.
>
> (3) By any form of mail addressed to the person to be served and requiring a signed receipt.
>
> (4) As directed by the Court.[5]

5. Additionally, to satisfy due process, a plaintiff should take all reasonable steps to apprise a defendant of its involvement in litgation and "afford [a defendant] an opportunity to present their objections."[6]

6. Here, Plaintiff attempted to notify Defendant by personal service and by mail. Proof of service by mail shall require "a receipt signed by the addressee *or other evidence of personal delivery* to the addressee satisfactory to the court."[7]

---

[4] 10 *Del. C.* § 3104(d); *Harry and David v. J & P Acq., Inc.*, 865 F. Supp.2d 494, 497 (D. Del. 2011).
[5] 10 *Del. C.* § 3104(d).
[6] *Maldonado*, 2010 WL 663723, at *3 (internal quotations omitted).
[7] 10 *Del. C.* § 3104(e) (emphasis added).

7. Decisional law explains "other evidence" as evidence that demonstrates that "the defendant actually *received the process*, not merely evidence of the defendant's actual knowledge of the pending suit."[8]

8. According to Plaintiff, Defendant resides in China and was on temporary assignment in the United States at the time of the accident alleged in the complaint. Plaintiff further states that Defendant was located via social media but Plaintiff has not contacted Defendant to provide her actual notice of the pending lawsuit.

9. Furthermore, the Court notes that Defendant is not merely an out-of-state resident, but a citizen of China. Accordingly, service under the Hague Convention applies. The Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."[9] The Hague Convention is an acceptable means of service of process in Delaware.[10] The service of process requirements of 10 *Del. C.* § 3104 also satisfy the requirements under the Hague Convention.[11]

---

[8] *Harry and David*, 865 F. Supp.2d at 499.
[9] The Hague Convention, Art. 1.
[10] *Sustainable Energy Generation Grp., LLC v. Photon Energy Projects*, 2014 WL 2433096, at *10-11 (Del. Ch. May 30, 2014).
[11] *Id.*

10. Plaintiff has not satisfied the service requirements 10 *Del. C.* § 3104.[12] Plaintiff has made multiple attempts to serve Defendant by person and by mail at addresses in Delaware and Maryland. However, Plaintiff has not shown proof of service by a signed receipt or any other evidence.

11. Plaintiff states that Defendant is "fully aware that she has been named a Defendant in this lawsuit."[13] Plaintiff does not offer any support for this statement. It is not enough for Plaintiff to argue, and there is no record support for the position that Defendant "should have known [Plaintiff] would sue her, and thus should have known [Plaintiff] would serve her process."[14]

12. Plaintiff offers no other evidence to suggest that Defendant has "actual notice" of her involvement in this lawsuit. Plaintiff's certified notice letter went "unclaimed" and "'[w]hen the attempted notice letter [is] returned unclaimed, and there was more that reasonable could be done[,]' it is the responsibility of the [plaintiff] to take additional steps to ensure proper service."[15]

---

[12] As such, Defendant has not satisfied the requirements of the Hague Convention.
[13] Pl's. Mot. 4, ¶ 11.
[14] *See Harry and David*, 865 F. Supp.2d at 500 (explaining why this argument cannot and does not satisfy notice requirements).
[15] *Maldonado*, 2010 WL 663723, at *3 (citing *Jones v. Flowers*, 547 U.S. 220, 238 (2006)).

13. Accordingly, the Court finds that Plaintiff has not done everything reasonably possible to serve Defendant.

**NOW, THEREFORE, on this 12th day of January 2015, Plaintiff's Motion to Deem Service Complete is DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**